IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Harvey Johnson,<br><br>             Petitioner,<br><br>v.<br><br>Louis Winn,<br><br>             Respondent. | No. CV-14-00723-TUC-JAS (CRP)<br><br>**REPORT & RECOMMENDATION** |

      Pending before the Court are Petitioner's: (1) Request for Fees and Costs and Declaration of Petitioner as Prevailing Party (Doc. 22); and (2) Declaratory Judgment Request (Doc. 17).  For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review, deny Petitioner's motions.

**DISCUSSION**

      Petitioner, proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 28 U.S.C. §2241, claiming that the Bureau of Prisons failed to credit him for: (1) 15 days of post-offense custodial time (Ground One); (2) 465 days of post-offense custodial time (Ground Two); and  (3)  97 months of post-offense custodial time (Ground Three).  (*See* Petition (Doc. 1); Order granting *in forma papueris* status (Doc. 6)). Respondent, in his Answer, conceded that Petitioner was entitled to credit from January 17, 2010 through January 24, 2010, and indicated that Petitioner's sentence computation was updated to reflect same. (Answer (Doc. 9), pp. 6, 9).  On February 5, 2015, the parties filed a Stipulation of Dismissal dismissing Petitioner's remaining claims for relief,

which the Court granted. (Docs. 16, 20). Petitioner now seeks fees and costs and a declaration that he is a prevailing party. Respondent opposes Petitioner's motions. (Doc. 23).

Petitioner does not state a basis upon which he would be entitled to costs or fees. The Equal Access to Justice Act, 28 U.S.C. 2412, permits the court to award attorneys' fees and costs against the government to the same extent that a court may award such fees and costs in actions between other parties. *Petition of Hill,* 775 F.2d 1037, 1041 (9th Cir. 1985). However, a *pro se* litigant is not entitled to attorneys' fees under the EAJA. *Merrell v. Block,* 809 F.2d 639, 642 (9th Cir. 1987). Moreover, because Petitioner is proceeding *in forma pauperis,* he is precluded from recovering costs from the government. *See* 28 U.S.C. §1915(f)(1) ("Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings; *but the United States shall not be liable for any of the costs, thus incurred.*") (emphasis added); *Maida v. Callahan,* 148 F.3d 190, 193 (2d Cir. 1998) (noting that "the *in forma pauperis* statute prevents an indigent claimant from recovering costs against the United States…."). Consequently, Petitioner is not entitled to fees or costs.

Petitioner also seeks a declaration that he is the prevailing party "to prevent this case from ever improperly being counted as a 'strike' under the…" Prison Litigation Reform Act ("PLRA")." (Doc. 17, p. 2); *see also* 28 U.S.C. § 1915(g) ("if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted…."). However, §1915(g)'s three strikes provision does not apply to habeas petitions. *See* 18 U.S.C. §3626(g)(2) (PLRA restrictions do "not include habeas corpus proceedings challenging the fact or duration of confinement in prison…."); *Andrews v. King,* 398 F.3d 1113, 1122 (9th Cir. 2005) ("dismissed habeas petitions do not count as strikes under § 1915(g)."). Because the PLRA's three strikes provision does not apply to this action, Petitioner's request for declaratory judgment to avoid the three strikes provision is moot.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review, deny Petitioner's: (1) Request for Fees and Costs and Declaration of Petitioner as Prevailing Party (Doc. 22); and (2) Declaratory Judgment Request (Doc. 17).

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within **FOURTEEN (14) DAYS** after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within **FOURTEEN (14) DAYS** after being served with a copy. Fed.R.Civ.P. 72(b)(2). No replies to objections shall be filed unless leave is granted from the District Court to do so. If objections are filed, the parties should use the following case number: **CV 14-723-TUC-JAS.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to de novo review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*) 540 U.S. 900 (2003).

Dated this 4th day of May, 2015.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE