IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Harvey Johnson,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>John T. Shartle,[1]<br><br>　　　　　　　Respondent. | No. CV-14-00723-TUC-JAS<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation ("Report") issued by Magistrate Judge Charles R. Pyle (Doc. 24).  In that Report, Judge Pyle recommends denying Petitioner's Request for Fees and Costs and Declaration of Petitioner as Prevailing Party (Doc. 22) and Declaratory Judgment Request (Doc. 17).  The Petitioner filed an Objection to Report and Recommendation (Doc. 25) and Respondent filed a Reply (Doc. 27).  The Court reviews de novo the objected-to portions of the Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After an independent de novo review of the record, the Court adopts the Report. Petitioner argues that he is entitled to an award of costs and fees because he substantially prevailed in the litigation, because the "Hyde Amendment" authorizes such an award, and/or based on Judge Reeves' "principle of circuitry."  However, only the first argument was presented to the magistrate judge, and the Court would not exercise its discretion to allow Petitioner to present additional arguments before this Court.  *See United States v.*

---

[1] John T. Shartle has replaced Louis Winn Jr. as the Warden and has been automatically substituted as the Defendant.  Fed. R. Civ. Proc. 25(d).

*Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.").

Even if the Court would exercise its discretion to allow Petitioner to present new arguments, those arguments would not alter the conclusions of the Report. The Supreme Court has squarely rejected the "catalyst theory" approach for prevailing party determinations. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598 (2001). The Hyde Amendment allows a defendant in a criminal case to be awarded compensation if the position of the United States is vexatious, frivolous, or in bad faith. *Hyde Amendment*, Pub. L. No. 105-119, 111 Stat. 2440 (1997). This is not a criminal case, and even if it were, the prompt recalculation of Petitioner's sentence shows the government's position was not taken in bad faith. *See, e.g.*, *Sloan v. Pugh*, 351 F.3d 1319 (10th Cir. 2003) ("[H]abeas proceedings are "unique" or "hybrid" types of cases that fall within the scope of neither the EAJA nor the Hyde Amendment."). Finally, neither Respondent nor the Court can find any support for Judge Reeves' "Principle of Circuitry" that would be applicable in this case.

Petitioner also argues that the Report improperly concludes that his action is moot, because it is capable of repetition yet evading review; however, that argument misunderstands the Report's reasoning. Petitioner requested a declaratory judgment stating he was a prevailing party so that this action would not count as a strike under the Prison Litigation Reform Act ("PLRA"). The Report correctly concluded that argument was moot because habeas petitions – such as this one filed by Petitioner – cannot count as strikes under the PLRA. Even if the Court were to exercise discretion to entertain this new argument from Petitioner, the possibility of future changes in his sentence calculation is mere speculation, far different from the types of harm that are likely to evade review.

For these reasons, this Court ACCEPTS and ADOPTS the Report issued by Judge Pyle. Petitioner's Request for Fees and Costs and Declaration of Petitioner as Prevailing

1 | Party (Doc. 22) and Declaratory Judgment Request (Doc. 17) are DENIED.
2 | Dated this 25th day August, 2015.

Honorable James A. Soto
United States District Judge